**ROBINSON v. UNITED STATES.**

No. 2447.

United States District Court
S. D. Alabama, S. D.
July 27, 1949.
Judgment Affirmed Nov. 18, 1949.

J. Edward Thornton, of Vickers, Leigh & Thornton, Mobile, Ala., for libelant.

Percy C. Fountain, United States Attorney, Mobile, Ala., and John H. Tappan, of Pillans, Reams, Tappan & Wood, Mobile, Ala., for respondent.

McDUFFIE, District Judge.

This cause came on to be heard in open court on the 14th day of July 1949. It was submitted to the court by the parties on the pleadings, the deposition of the libelant, the testimony taken in open court, together with certain exhibits, after having been argued by the proctors for the parties. The cause now having been considered and understood by the court, the court finds the following facts and reaches the following conclusions of law:

Findings of Fact

1. This is a claim by George H. Robinson for maintenance and cure from January 7, 1948, arising out of an illness with which the libelant suffers and which he claims arose from his service aboard the Steamship American Fisher while libelant served with that vessel in October 1945.

2. Libelant did serve aboard the Steamship American Fisher in October 1945, at which time he became ill and at which time the American Fisher was owned or operated by respondent.

3. This is the second suit brought by the libelant against the respondent for maintenance and cure. The first suit was heard by this court on the 7th of January 1948, 76 F.Supp. 422, at which time it was found that respondent was obligated to the libelant for maintenance and cure up to date of that trial, January 7, 1948. This finding was affirmed on appeal. United States of America v. Robinson, 5 Cir., 170 F.2d 578.

4. Respondent now contends that its obligation as shipowner to pay libelant maintenance and cure has ended, which becomes the essential issue in this cause.

5. Libelant testified on July 11, 1949, at the Marine Hospital in Mobile, at which time he said that his condition at the time he testified, as compared with the time he testified on January 7, 1948, is just about the same.

6. Dr. G. O. Segrest and Dr. J. B. Ryon testified in open court as expert medical witnesses. Dr. Segrest examined libelant in the summer of 1947 and again in May of 1949. Dr. Ryon has been caring for libelant in the Marine Hospital at Mobile on those occasions when libelant was on in-patient at that hospital since early in 1948. Libelant has been an in-patient since that time on three or four occasions, each for a period of about a month.

7. The essence of the testimony of these medical witnesses, who were the only medical witnesses and whose testimony stands uncontradicted, is essentially to this effect: Libelant suffers from arteriosclerosis and arteriosclerotic heart disease;

it is the opinion of the doctors that his present condition is not the result of the blow by a block of ice which libelant suffered while serving aboard the Steamship American Fisher in October of 1945. It is the further opinion of these witnesses that the condition of libelant is incurable and has been incurable since first these witnesses became familiar with libelant's condition. Libelant suffers from an irregular heart beat (auricular fibrillation) as a result of his arteriosclerosis. This irregular heart beat may be controlled by taking digitalis. This treatment is being given to libelant and its effect is to control the heart beat and thereby prevent. what otherwise might be an earlier death.

8. Libelant's condition was incurable at least by January 7, 1948. The digitalis which he will continue to receive constitutes treatment to control and restrain the progress of auricular fibrillation, a condition which has resulted from his disease.

## Conclusions of Law

■ 1. This court determined that libelant was entitled to maintenance and cure up to January 7, 1948, which determination was affirmed on appeal. Accordingly, it is not necessary to go into the questions there considered again. However, in affirming that decision of this court, the United States Circuit Court of Appeals for the Fifth Circuit in United States v. Robinson, 170 F.2d 578, 583, noted that there is a limit to the time during which the obligation of the shipowner for maintenance and cure continues by saying:

"The obligation for maintenance and cure does not extend indefinitely when he is suffering from an incurable disease or ailment, but it does extend to a reasonable time after the voyage in which to effect such improvement in the seaman's condition as may be reasonably expected from nursing care and medical treatment. With reference to this obligation, the court, in the Taylor case [Calmar S. S. Corporation v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993], supra, said:

"'So far as we are advised, it is without support in the authorities. We can find no basis for saying that, if the disease proves to be incurable, the duty extends beyond a fair time after the voyage in which to effect such improvement in the seaman's condition as reasonably may be expected to result from nursing, care, and medical treatment. This would satisfy such demands of policy as underlie the imposition of the obligation. Beyond this we think there is no duty, at least where the illness is not caused by the seaman's service.'"

■ 2. In view of the conclusion reached by the appellate court and the statements it made as just quoted, it is concluded that the proper interpretation of its decision is that it affirmed the decision that the libelant is entitled to maintenance and cure to January 7, 1948, and left for further consideration and future decision whatever may be the right of libelant to maintenance and cure after that date.

3. The right of libelant to maintenance and cure since January 7, 1948, based on the facts above found, is governed by the reasoning of the Supreme Court in Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 708, which this court has concluded determines the issue involved here. Farrell suffered a fall on his return to the ship from shore leave. As a result, "He is totally and permanently blind and suffers post-traumatic convulsions which probably will become more frequent and are without possibility of further cure. From time to time he will require some medical care to ease attacks of headaches and epileptic convulsions. The court below concluded that the duty of a shipowner to furnish maintenance and cure does not extend beyond the time when the maximum cure possible has been effected."

The Court refers to the approval of the United States of the Convention of the General Conference of the International Labor Organization at Geneva on October 29, 1939, 54 Stat. 1693. It quotes with approval Article 4, Clause 1 of the Convention: "The shipowner shall be liable

to defray the expense of medical care and maintenance until the sick or injured person has been cured, or until the sickness or incapacity has been declared of a permanent character."

Subsequently,

"That the duty of the ship to maintain and care for the seaman after the end of the voyage only until he was so far cured as possible, seems to have been the doctrine of the American admiralty courts prior to the adoption of the Convention by Congress, despite occasional ambiguity of language or reservation as to possible situations not before the court. It has been the rule of admiralty courts since the Convention. * * *

"But maintenance and cure is more certain if more limited in its benefits. It does not hold a ship to permanent liability for a pension, * * *."

For the reasons quoted in part, the decision below appealed from was affirmed in an opinion dated April 4, 1949.

4. Furthermore, the Court of Appeals for the Second Circuit in Muruaga v. United States, et al, 172 F.2d 318, 321, in stating its opinion as to the time when the obligation to pay maintenance and cure comes to an end, held on January 25, 1949: "But when maintenance and cure has brought about all the improvement to be expected in an incurable disease the shipowner's liability ends and thereafter the health of the seaman is at his own risk so far as the shipowner is concerned. If the seaman thereafter needs attention to maintain his improvement at the maximum, to assist him in recovery from relapses, or to restrain the progress of the disease, the shipowner is not bound to provide that."

5. Respondent by January 7, 1948, had provided maintenance and cure to libelant for a reasonable time during which libelant was cured in so far as was possible, and it has no further duty.

6. The libel should be dismissed and the appropriate order to this effect is being entered this day.